UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

G&G CLOSED CIRCUIT EVENTS, LLC,
as Broadcast Licensee of the July 30, 2011
Strikeforce: Emelianenko/Henderson Fight
Program,

      Plaintiff,

v.

RICHARD DAVILA, Individually and dba
DIVINE LINE TATTOO; and
DOUGLAS BILLIAN, Individually and dba
DIVINE LINE TATTOO,

      Defendants.

                                     CIVIL NO. SA-14-CA-687-DAE

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   Hon. David A. Ezra
       Senior United States District Judge

      Pursuant to the order referring to the undersigned United States Magistrate Judge

plaintiff's December 31, 2014 motion for final default judgment and brief in support,[1] and

consistent with the authority vested in United States Magistrate Judges under the provisions of 28

U.S.C. § 636(b)(1)(B) and rule 1(d) of the Local Rules for the Assignment of Duties to United

States Magistrate Judges in the Western District of Texas, the following report is submitted for

your review and consideration.

---

[1] Text-only entry dated Jan. 8, 2015; motion referred to the undersigned in text-only entry dated Jan. 9, 2015.

# I.  JURISDICTION

Plaintiff's original complaint alleges federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the Communications Act of 1934, 47 U.S.C. §§ 553, 605.[2]

# II.  SUMMARY OF PROCEDURAL HISTORY

Plaintiff initiated this case on or about July 30, 2014, when it filed its original complaint naming two defendants and seeking an award of statutory damages, the issuance of a permanent injunction, costs, reasonable attorneys' fees, pre and post judgment interest, and such other relief to which it may be entitled relating to the two causes of action alleged in the complaint, each relating to the July 30, 2011 broadcast of a boxing match without having obtained a license to intercept the broadcast signals and show the event ("Event").[3]  Thereafter, summons issued for each defendant.

On December 31, 2014, plaintiff filed its motion for entry of default[4] and separate motion for default judgment.[5]  The motion for default judgment includes a memorandum of argument and authorities, an appendix with exhibits in support, a certificate of service showing the motion and its attachments was mailed to each of the two defendants at an address at which each personally was served with the summons,[6] and a proposed default judgment.[7]  On January 5,

---

[2] Docket no. 1 at 2.

[3] Docket no. 1.

[4] Docket no. 7.

[5] Docket no. 8.

[6] See return of summons, docket no. 6.

[7] See docket no. 8.

2015, the Clerk entered default.[8]  On January 9, 2015, the District Clerk referred the motion for default judgment to the undersigned based on the January 8 order entered by the District Judge.

On January 9, 2015, the undersigned entered an order to defendants to respond to plaintiff's motion for final default judgment by a specified deadline, and provided defendants notice with possible sanctions if they failed to file a timely response.[9]  The District Clerk's Office mailed that order to each defendant at the address provided for each defendant in the return of service for that defendant.[10]

On January 20, 2015, plaintiff filed an advisory stating the "Richard Davila" who was served in this case was not the "Richard Davila that owned or operated the Divine Line Tattoo;" plaintiff has "confirm[ed] that 'Richard Javier Davila' was not the correct defendant," "[t]he correct defendant is named 'Richard Pena Davila,'" "[t]hus, the Richard Davila served in this case was not the correct Richard Davila," and "[a]s a result, Plaintiff no longer wishes to prosecute its case against Defendant Davila."[11]  Plaintiff further advised the Court that "[t]o date, Defendant Billian has not contacted Plaintiff or Plaintiff's counsel."  The same day, plaintiff filed a voluntary "Notice of Dismissal without Prejudice (as to Richard Davila only)," "with the intention of dismissing **only** Defendant Richard Davila from this case under [Rule] 41(a)(1)(A)(i)" and clarifying that

Plaintiff does wish to continue to prosecute its claims asserted herein against

---

[8]  Docket no. 9.

[9]  Docket no. 10.

[10]  See status note accompanying docket no. 10 in the docket sheets.

[11]  Docket no. 11 at 2.

3

Defendant Douglas Billian, including, but not limited to, moving forward with Plaintiff's motion for default judgment against Defendant Douglas Billian.[12]

As of the time of tendering this report to the District Clerk for filing, the docket sheets do not show that Billian has filed a response to plaintiff's motion for final default judgment.

### III.  ISSUE

Whether plaintiff is entitled to entry of default judgment against defendants on the terms requested.

### IV.  STANDARDS

**A.     Voluntary Dismissal Standard**

Rule 41(a)(1) addresses voluntary dismissals by plaintiff, and states, in relevant part:

(A)  Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
      (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment;
 * * *
(B)  Unless the notice . . . states otherwise, the dismissal is without prejudice.  But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.[13]

**B.     Default Judgment Standard**

Rule 55(a), Fed.R.Civ.P. provides:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Typically, a request for entry of default is made through an affidavit showing: when the lawsuit

---

[12]  Docket no. 12 (emphasis in original).

[13]  FED. R. CIV. P. 41(a)(1).

was filed, defendant was properly served with the complaint, defendant is not an infant or incompetent person,[14] or an officer of the United States,[15] and defendant has not filed a pleading or otherwise responded within a specified time.[16]  The Clerk must enter a default when it is established by some evidence.[17]  The entry of default is merely a notation in the Clerk's record that a party is in default and is not itself a judgment.[18]  After default has been entered, the applicant may move for judgment based on the default.[19]

Once default is entered, then the question arises as to whether to grant the default judgment and as to the proper amount of the default.  A party is not entitled to default judgment as a matter of right, even when defendant defaults.[20]  In making a decision regarding the grant of a default judgment, the court may consider the possibility that plaintiff will be prejudiced, the merits of plaintiff's substantive claim, the sufficiency of the complaint, the amount of damages, the possibility of a dispute regarding material facts, whether the default was due to inexcusable negligence, and the strong policy of favoring decisions on the merits.[21]  If damages sought against the defaulting defendant are not for a sum certain, the Court must direct entry of the

---

[14]  FED.R.CIV.P. 55(b)(1) and (2).

[15]  FED. R. CIV. P. 55(e).

[16]  Fed. R. Civ. P. 55(a).

[17]  Id.

[18]  New York Life Ins. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996).

[19]  Id.

[20]  Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996).

[21]  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

default judgment.[22]  The Court may hold a hearing or may direct entry of judgment based on written pleadings.[23]

When plaintiff seeks an amount of damages that is not ascertainable from documentary evidence or detailed affidavits, the court must hold a hearing to determine the amount of damages.[24]  The plaintiff must prove a causal connection between the damages sought and the injuries suffered.[25]  A plaintiff seeking attorney's fees must prove the amount and reasonableness of the fees.[26]

As a general rule, default judgments "are 'generally disfavored in the law.'"[27]  The Fifth Circuit reviews the denial of a request to set aside default or default judgment for abuse of discretion, reviewing underlying factual determinations for clear error, but "[b]ecause of the

---

[22]  FED. R. CIV. P. 55(b)(2).

[23]  E.g., Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2nd Cir. 1993) (court has "much discretion in determining damages . . .[H]ere the court determined damages with the aid of a single affidavit only partially based on real numbers."); Cablevision Systems New York City Corp. v. Lokshin, 980 F.Supp. 107, 111-12 (E.D. N.Y. 1997) (when damages are not susceptible to easy calculation, court may conduct evidentiary hearing or rely on affidavits or documentary evidence); In re Crazy Eddie Secs. Litigation, 948 F.Supp. 1154, 1160 (E.D. N.Y. 1996) (court has discretion to determine whether evidentiary hearing is necessary and instead may rely on affidavits and documentary evidence; moving party bears burden of proving reasonable basis for calculation of damages; reasonable inferences resolved in moving party's favor); see FED. R. CIV. P. 55(b)(2).

[24]  Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc., 722 F.2d 1319, 1323-24 (7th Cir. 1983) (damages for fraud); Venable v. Haislip, 721 F.2d 297, 300 (10th Cir. 1983) (damages for refusal to return registration papers for horse).

[25]  Greyhound Exhibit Group, Inc. v. ELUL Realty Corp., 973 F.2d 155, 159 (2nd Cir. 1992).

[26]  Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985).

[27]  Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000) (quoting Mason & Hanger-Silas Mason Co. v. Metal Trades Council, 726 F.2d 166, 168 (5th Cir. 1984)).

seriousness of a default judgment and although the standard of review is abuse of discretion, even a slight abuse of discretion may justify reversal."[28]  Indeed, the Fifth Circuit has noted that "where there are no intervening equities <u>any</u> doubt should, as a general proposition, be resolved in favor of the movant [requesting that default or default judgment be set aside] to the end of securing a trial upon the merits."[29]

Under Rule 55(c), a court may set aside an entry of default or default judgment for "good cause shown."[30]  The Fifth Circuit emphasizes that the determination of whether "good cause" exists "necessarily . . .[is] . . . informed by equitable principles" and has "found it useful to consider three factors,"[31] whether: (1) the default was willful; (2) setting the default aside would prejudice the adversary; and (3) a meritorious defense is presented.[32]  "Other factors may also be considered, including whether 'the defendant acted expeditiously to correct the default.'"[33]  Other than a finding of willful default, the Fifth Circuit does not identify any one or more factors as being dispositive and has not held that only certain, specified factors may be considered in making the "equitable" decision."[34]  If the default is found to be willful, that is, if there has been

---

[28]  <u>Id</u>.

[29]  <u>Id</u>. (quoting <u>Gen. Tel. Corp. v. Gen. Tel. Answering Serv</u>., 277 F.2d 919, 921 (5th Cir. 1960))(emphasis added).

[30]  FED. R. CIV. P. 55(c).

[31]  <u>Lacy</u>, 227 at 292 (quoting <u>Dierschke v. O'Cheskey</u>, 975 F.2d 181, 184 (5th Cir. 1992)).

[32]  <u>Id.</u>

[33]  <u>Id</u>. (quoting <u>Dierschke</u>, 975 F.2d at 184).

[34]  <u>Id</u>.

"'an intentional failure of responsive pleadings, there need be no other finding'" and the inquiry ends.[35]

## V. ANALYSIS

### A.    Voluntary Dismissal

Plaintiff filed a notice of dismissal under Rule 41(a)(1) against defendant Davila only. Rule 41(a)(1)(A)(i) "on its face grants a plaintiff an unconditional right to dismiss his complaint by notice and without order of the court at any time prior to the defendant's service of an answer or motion for summary judgment."[36]   A dismissal by notice is "self-effectuating;" no judicial action or approval is necessary.[37]   Plaintiff's reasons for dismissal are immaterial.[38]

It is undisputed that no defendant in this action filed an answer to plaintiff's complaint or made an appearance in the case.   Therefore, once plaintiff filed its notice of dismissal against defendant Davila, the case against defendant Davila effectively ceased and any pending motions

---

[35]   Id. (quoting Dierschke, 975 F.2d at 184).

[36]   Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters, 506 F.2d 914, 915 (5th Cir.), cert. denied, 422 U.S. 1048, 95 S.Ct. 2665 (1975).   See Bailey v. Shell Western E&P, Inc., 609 F.3d 710, 719 (5th Cir.) (court dismissing case lacks authority to impose conditions on dismissal), cert. denied, —U.S.—, 131 S.Ct. 428 (2010); Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc., 434 F.3d 320, 324 (5th Cir. 2005) (same); Williams, 531 F.2d at 1264 (same).

[37]   Qureshi v. United States, 600 F.3d 523, 525 (5th Cir. 2010).

[38]   See Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F.3d 110, 115-16 (2nd Cir. 2009) (dismissal right is "unfettered" and exists regardless of the reason); Marques v. Fed. Reserve Bank of Chicago, 286 F.3d 1014, 1017 (7th Cir. 2002) ("[O]ne does not need a good reason, or even a sane or any reason, to dismiss a suit voluntarily. The right is absolute."); Thorpe v. Scarne, 599 F.2d 1169, 1177 (2nd. Cir. 1979) ("One need not be an expert in game theory to conclude that plaintiffs tend to dismiss actions that do not look promising while defendants generally want to obtain an adjudication on the merits in precisely the same cases. As long as the plaintiff has brought himself within the requirements of Rule 41, his reasons for wanting to do so are not for us to judge.").

against defendant Davila were mooted.  Accordingly, plaintiff's motion for default judgment against defendant Davila should be **denied as moot**.  Further, in an abundance of caution, for clarity of the record, the District Clerk's Office should be directed to add a notation to the CM/ECF docket entries that makes it clear the Clerk's entry of default as it applies to defendant Davila is **voided** and there is no operative Clerk's entry of default against defendant Davila.

## B.    Default Judgment

Plaintiff's notice of voluntary dismissal against defendant Davila clarified that plaintiff "does wish to continue to prosecute its claims asserted herein against Defendant Douglas Billian, including, but not limited to, moving forward with Plaintiff's motion for default judgment against Defendant Douglas Billian."[39]  Accordingly, plaintiff's motion for entry of final default judgment, originally against each defendant, will be construed as against Billian alone.

Plaintiff has presented evidence it has accomplished effective service of process on Billian on October 14, 2014.[40]  The record shows that Billian has not entered an appearance or responded to the lawsuit.  On January 5, 2015, the District Clerk's Office entered default against Billian.[41]

A defaulting party is deemed to have admitted all well-pleaded allegations of the complaint.[42]  Therefore, under standard law, all well-pleaded allegations in plaintiff's original

---

[39]  Docket no. 12 at 2.

[40]  Docket no. 6.

[41]  Docket no. 9.

[42]  See e.g., Dierschke, 975 F.2d at 185 ("It is universally understood that a default operates as a deemed admission of liability."); J&J Sports Prods. v. El Pescador Mexican Seafood, Inc., 2010 U.S. Dist. LEXIS 127940 at * 4 (E.D. Tex. Oct. 27, 2010) ("Defendants are deemed to have admitted

complaint that form the basis of plaintiff's claims against Billian are deemed to have been admitted by Billian.[43]

The well-pleaded allegations in plaintiff's complaint, supplemented by its brief and evidence submitted with its motion for entry of final default judgment, show that plaintiff has alleged, and offered proof to demonstrate, that Billian showed the Event in the named establishment and the exhibition was not authorized by plaintiff. Based on its showing of liability, plaintiff seeks an award of statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) in the amount of $10,000; $50,000 in "additional damages" pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) because defendant's actions were willful and "for purposes of direct or indirect commercial advantage or private financial gain;" attorneys' fees pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii) in the amount of $20,000 based on the hourly time presented in the affidavit of David M. Diaz for prosecution of the case through default judgment; post-judgment interest at the highest legal rate; and costs.[44]

---

by default all the factual allegations in Plaintiff's Complaint. Fed. R. Civ. P. 8(b)(6)."); EMI April Music, Inc. v. Jet Rumeurs, Inc., 632 F. Supp. 2d 619, 623 (N.D. Tex. 2008) (Lynn, J.) ("By virtue of their default, Defendants have admitted that the factual allegations in the Complaint are true.").

[43] Docket no. 1.

[44] Plaintiff's brief in support of its motion for entry of final default judgment presents argument and legal authority in support of each of the components of the relief listed in the text associated with this note. But, the section of plaintiff's brief captioned "prayer," and the proposed final judgment filed by plaintiff, also seek the issuance of a permanent injunction that enjoins defendant "from ever intercepting or exhibiting an unauthorized program in violation of the Federal Communications Act." See docket no. 8 at 10 and docket no. 8-2 at 2. Plaintiff's brief and motion do not present argument or authority to show that such broadly worded injunctive relief can be appropriately entered by the Court, even in a default judgment. Further, the proposed judgment seeks a ruling that:

All writs and process for the enforcement and collection of this Judgment may issue as necessary. In connection with any writ of execution in this case, the Court directs

## VI.  RECOMMENDATIONS

Based on the foregoing, it is **recommended** that:

- plaintiff's motion for entry of final default judgment against defendant Davila[45]

be **DENIED as moot**;

- in an abundance of caution, for clarity of the record, the District Clerk's Office

be directed to add a notation to the CM/ECF docket entries that makes it clear the Clerk's entry

of default as it applies to defendant Davila is **voided** and there is no operative Clerk's entry of

default against defendant Davila; and

- plaintiff's motion for entry of final default judgment against defendant Billian[46]

be **GRANTED** and judgment be entered in  favor of plaintiff and against defendant Billian as

follows: $10,000.00 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II); $50,000 in

"additional damages" pursuant to 47 U.S.C. § 605(e)(3)(ii); attorneys' fees in the amount of

$20,000 pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii) (one-third of the recovery)

for the prosecution of this action through the final judgment;[47] post-judgment interest at the legal

---

the United States Marshals Service to use any means  or force reasonably necessary
to satisfy this Judgment.
See docket no. 8-2 at 2.  Again, plaintiff presents no argument and citations to authority to show it
would be appropriate for the Court to address collection-related matters in a final default judgment
or that the broadly worded directive can be appropriately entered by the Court.  Thus, based on the
current record, this report does not recommend the entry of a final default judgment that awards the
permanent injunctive relief requested in the "prayer" and proposed judgment or the "all writs"
authorization included in the proposed judgment.

[45]  Docket no. 7.

[46]  Id.

[47]  Plaintiff's motion includes one sentence and one footnote regarding plaintiff's request for
a contingent award of attorneys' fees in the event certain post-trial or appellate proceedings occur

annual rate in effect at the time of the entry of the judgment; and costs.  In other words, after the time for filing objections to this report has expired, the District Judge may elect to enter an order regarding this report and sign the proposed final default judgment filed by plaintiff as an attachment to its motion for final default judgment,[48] lining through the portions of the proposed judgment not implemented by the District Judge.  **The District Clerk's Office is directed to mail a copy of this report and the January 5, 2015 entry of default, by (a) regular United States mail and (b) certified mail, return receipt requested to the address provided for each defendant in plaintiff's summons return.[49]**

## VII.  INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT/APPEAL

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either: (1) electronic transmittal to all parties represented by an attorney registered as a Filing User with the Clerk of Court pursuant to the Court's Procedural Rules for Electronic Filing in Civil and Criminal Cases; or (2) by certified mail, return receipt requested, to any party not represented by an attorney registered as a Filing User.  As provided in  28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(a) and (b), any party who desires to object to this Report must

---

and those proceedings do not result in the reversal of the final judgment . Id. at 19.  This report does not recommend that a contingent award of attorneys' fees for post-trial or appellate proceedings at this time.  Although the Court may have the authority to award fees for appellate work on a contingent basis, see id. at 19 n. 15, here the question of whether attorneys' fees should be awarded in any specific amount in relation to matters that have not yet transpired seems to be better addressed in the context of any post-trial or appellate proceedings that may transpire.  Thus, in the event further proceedings are required in this case after the entry of final judgment, plaintiff may renew its request for an award of attorneys' fees relating to those post-judgment proceedings.

[48]  Docket no. 8-2.

[49]  Docket no. 6.

**file** with the District Clerk and **serve** on all parties and the Magistrate Judge written Objections to the Report and Recommendation within **14 days** after being served with a copy, unless this time period is modified by the District Court.  A party filing Objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.  A party's failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Report will bar the party from receiving a *de novo* determination by the District Court.[50]  Additionally, a party's failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Report will bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[51]

 **SIGNED** and **ENTERED** this 22nd day of January, 2015.

 **PAMELA A. MATHY**
 **UNITED STATES MAGISTRATE JUDGE**

---

 [50]  See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 472 (1985).

 [51]  Acuna v. Brown & Root Inc., 200 F.3d 335, 340 (5th Cir. 2000); Douglass v. United Serv. Auto. Ass'n., 79 F.3d 1415, 1428 (5th Cir.1996).